UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREA BAPTISTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4723** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Under FRCP 12(b)(5) for Insufficient Service of Process filed by Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. 141NORL0719.[1] The Plaintiff, Amber Wilson, opposes the Motion.[2] The Defendant has filed a reply in support of its Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion to Dismiss.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This insurance action arises out of damage alleged to have been sustained by Plaintiff's property as a result of Hurricane Ida which occurred on August 29, 2021.[4] Plaintiff Andrea Baptiste originally filed this suit against Defendant Certain Underwriters at Lloyd's London in this Court on August 28, 2023.[5] Several days later, the Court *sua sponte* ordered the Plaintiff to file an amended Complaint properly asserting the citizenship of the Defendant to ensure that this Court has

---

[1] R. Doc. 29.
[2] R. Doc. 30.
[3] R. Doc. 31.
[4] R. Doc. 1.
[5] *Id.*

subject-matter jurisdiction.[6] Plaintiff timely moved for an extension of the deadline to comply with the Court's Order and a stay of the proceedings due to the death of the Plaintiff.[7] The Court stayed the action for ninety days to allow time for the substitution of a new Plaintiff.[8] On December 14, 2023, on timely motion of the Plaintiff, the Court substituted Amber Wilson in place of Andrea Baptiste as Plaintiff and gave the Plaintiff until December 29, 2023 to file an Amended Complaint.[9]

On March 26, 2024, the Court issued an Order to Show Cause giving the Plaintiff until April 9, 2024 to file proof of service on the Defendant or to show good cause why the Defendant should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).[10] The Court advised the Plaintiff that failure to respond to the Order may result in the dismissal of Plaintiff's claims.[11] Plaintiff timely responded to the Order averring that she mailed a copy of her Complaint to the Defendant's registered agent for service, the Louisiana Secretary of State, on April 3, 2024.[12] The Louisiana Secretary of State allegedly received the Plaintiff's Complaint on April 8, 2024.[13]

Noting a lack of activity in the case, the Court issued a further Order to Show Cause on May 31, 2024, ordering the Plaintiff, absent an appearance by the Defendant or request for entry of default, to show cause on or before June 14, 2024 as to why the Defendant should not be dismissed for failure to prosecute.[14] Defendant

---

[6] R. Doc. 7.
[7] R. Doc. 8.
[8] R. Doc. 10.
[9] R. Doc. 15.
[10] R. Doc. 23.
[11] *Id.*
[12] R. Doc. 27
[13] *Id.*
[14] R. Doc. 28.

appeared in this matter by filing the instant Motion to Dismiss Under FRCP 12(b)(5) for Insufficient Service of Process, rendering the Court's Order to Show Cause moot.[15] In its Motion, Defendant argues that Plaintiff's claims against it should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(5) because Plaintiff failed to serve the Defendant within the time limit for service set by Fed. R. Civ. P. 4(m) and fails to demonstrate good cause for her untimeliness.[16] Defendant explains that they were not served until April 8, 2024, 224 days after Plaintiff filed this lawsuit. Defendant further argues that the Court's March 26, 2024 Order to Show Cause did not extend the deadline for Plaintiff to serve the Defendant, but only set forth a deadline for the Plaintiff to file proof of service. Accordingly, the Defendant ask that Plaintiff's Complaint be dismissed with prejudice because Plaintiff did not serve the Defendant within the 90 days contemplated by Fed. R. Civ. P. 4(m).

    Plaintiff filed a brief response in opposition to the Motion in which she concedes that she untimely served the Complaint but nevertheless advises that service has been "rectified" and argues that she would be prejudiced by the dismissal of her Complaint because the prescriptive period has passed, and she would thus be unable to refile her lawsuit.[17] Plaintiff further explains that her counsel's firm was overwhelmed and understaffed at the time she filed her lawsuit, contributing to the delay in service in this matter. Plaintiff asks the Court to deny the Defendant's Motion.

---

[15] R. Doc. 29.
[16] *See* R. Doc. 29-1.
[17] R. Doc. 30.

The Defendant filed a reply in support of its Motion, contending that Plaintiff has failed to show good cause for her failure to timely serve the Defendant and that Plaintiff "fails to point to any legal argument, Federal Rules of Civil Procedure, or jurisprudence to circumvent 90 day service requirement."[18]  The Defendant again asks the Court to dismiss Plaintiff's claims against it with prejudice.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss for "insufficient service of process."[19]  "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[20]  A party may move to dismiss a complaint without prejudice under Rule 12(b)(5) if a plaintiff fails to timely serve the party within the time limits set forth in Rule 4(m).  Rule 4(m), in turn, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[21]

"To establish good cause, a plaintiff has the burden of demonstrating '*at least* as much as would be required to show excusable neglect . . . .'"[22]  Further "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . ."[23]

---

[18] R. Doc. 31.
[19] Fed. R. Civ. P. 12(b)(5).
[20] 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.).
[21] Fed. R. Civ. P. 4(m).
[22] *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).
[23] *Winters*, 776 F.2d at 1306; *see also Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995).

Where dismissal without prejudice will likely bar future litigation due to the applicable statute of limitations, dismissal is reviewed under a heightened standard.[24] Specifically, a court must find at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.[25] "A district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff' exists and a lesser sanction would not better serve the interests of justice.'"[26]

## III.   ANALYSIS

It is undisputed that Plaintiff did not serve the Defendant within the time limits set forth in Fed. R. Civ. P. 4(m); Plaintiff initially filed suit on August 28, 2023, but did not serve the Defendant until April 8, 2024.[27]  Even if the Court were to account for the ninety-day stay in this matter, service on the Defendant was untimely.  Therefore, the first inquiry the Court must engage in is whether Plaintiff has shown "good cause" for her failure to timely serve Defendant, which caselaw defines as "at least as much as would be required to show excusable neglect."[28] "[S]imple inadvertence or mistake of counsel or ignorance of the rules" is not sufficient to demonstrate excusable neglect.[29]

---

[24] *See Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013).
[25] *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008).
[26] *Id.* at 326 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)).
[27] *See* R. Doc. 27.
[28] *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008) (internal quotations omitted).
[29] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiff concedes that she made no attempt to serve the Defendant until April 3, 2024, when she mailed a copy of her Complaint to the Defendant's registered agent for service.[30] As Plaintiff states, her counsel "saw a deluge of claims over the summer of 2023" and "was delayed in effecting service due to administrative issues."[31] Further, Plaintiff explains that in summer 2023 her counsel's New Orleans office "was unexpectedly understaffed down to one Louisiana licensed attorney and one paralegal," contributing to the delay in this matter.[32] None of these reasons, however, amount to anything more than "simple inadvertence or mistake of counsel."[33] Counsel are expected to comply with the Federal Rules of Civil Procedure regardless of the size of their workload. Plaintiff's explanations for her dilatory conduct fail to rise to the level of good cause.

Under Fed. R. Civ. P. 4(m), when a plaintiff without good cause fails to timely serve a defendant, a court ordinarily should dismiss the plaintiff's complaint without prejudice. However, where an applicable prescriptive period likely bars future litigation, as it would here,[34] a dismissal of claims under Rule 4(m) and Rule 12(b)(5) requires consideration of the heightened standard used to review a dismissal with prejudice. Put differently, if a dismissal *without* prejudice would effectively operate as a dismissal *with* prejudice because a plaintiff's claims have prescribed, dismissal for failure to timely serve a complaint is "warranted only where a clear record of delay

---

[30] *See* R. Doc. 27-1; R. Doc. 30.
[31] R. Doc. 30 at p. 2.
[32] *Id.*
[33] *Winters*, 776 F.2d at 1306.
[34] As Plaintiff recognizes, her Hurricane Ida-related insurance claims prescribed two years after Hurricane Ida or on August 29, 2023. *See* R. Doc. 30 at p. 2; *see also* R. Doc. 20-1 at p. 29 ("No action can be brought against us unless . . . the action is started within two years after the date of loss.").

or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[35]  To warrant dismissal, a court must find a delay "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity."[36]  A court must also consider (1) whether the delay was caused by the plaintiff herself and not by her counsel, (2) any prejudice to the defendant, and (3) whether the delay was caused by intentional conduct.[37]

Applying those standards to the facts of this case, the Court does not find that dismissal is appropriate here.  As counsel for Plaintiff has conceded, any delay has been squarely the fault of the Plaintiff's counsel, not the Plaintiff herself.  Additionally, this case does not involve clear delay or "contumacious conduct" by the Plaintiff such as disregarding Court orders, repeatedly missing deadlines, or otherwise "threaten[ing] the integrity of the judicial process."[38]  "[I[t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice."[39]  Negligence best characterizes Plaintiff's conduct in this matter thus far.  The lack of any aggravating factors and the delay in service of "just a few months" places this lawsuit well below the threshold to justify dismissal with prejudice.  Accordingly, the Court denies Defendant's Motion.

---

[35] *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (quoting *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)).
[36] *Id.* (quoting *Millan*, 546 F.3d at 326–27).
[37] *See Millan*, 546 F.3d at 326.
[38] *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)).
[39] *Id.* (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)).

## IV.  CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Under FRCP 12(b)(5) for Insufficient Service of Process[40] is **DENIED**.

New Orleans, Louisiana, July 3, 2024.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[40] R. Doc. 29.